# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-0117V

| | |
|---|---|
| JUDITH MORAN,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 4, 2026 |

*John Beaulieu, Siri & Glimstad, LLP, New York, NY, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION AWARDING DAMAGES**[1]

On January 26, 2024, Judith Moran filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered she suffered a shoulder injury related to vaccine administration ("SIRVA"), as a result of receiving a flu vaccine on October 25, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 19, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On February 4, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $62,160.00, consisting of $60,000.00 in pain and suffering and $2,160.00, in past unreimbursable medical expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $62,160.00 (consisting of $60,000.00 in pain and suffering and $2,160.00, in past unreimbursable medical expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| JUDITH MORAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 24-117V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

On January 26, 2024, Judith Moran ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") following an influenza ("flu") vaccination she received on October 25, 2022. Petition at 1. On June 27, 2025, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report indicating that this case was not appropriate for compensation. ECF No. 35. On October 7, 2025, the Court issued Findings of Facts and Conclusions of Law. ECF No. 40. On December 16, 2025, respondent filed an Amended Rule 4(c) Report, and on December 19, 2025, the Court issued a Ruling on Entitlement finding that petitioner was entitled to compensation. ECF Nos. 44-45.

**I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$60,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$2,160.00.**  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Court's decision and judgment award the following:[2]

> A lump sum payment of **$62,160.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Judith Moran.
>
> Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

2

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ AUSTIN J. EGAN
Austin J. Egan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 451-7479
Austin.J.Egan@usdoj.gov

Date:  February 4, 2026